THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00019-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> (1) JENNIFER PARDO, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibit 5 [Doc. 67].

The Defendant moves for leave to file under seal an unredacted Sentencing Memorandum [Doc. 68] and Exhibit [Doc. 68-5]. [Doc. 67]. For grounds, counsel states that the unredacted Sentencing Memorandum and Exhibit thereto contains detailed sensitive and private personal information concerning the abuse of the Defendant as a child, as well as information regarding other individuals not a party to this case. [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting

its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion and the proposed redacted version of his Sentencing Memorandum on January 17, 2022, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the redacted portions of the memorandum and the exhibit thereto, contain sensitive information and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the unredacted Sentencing Memorandum and Exhibit is necessary to protect the Defendant's interest in preventing the disclosure of this sensitive information.

Accordingly, the Defendant's Motion to Seal is granted, and counsel shall be permitted to file the unredacted version of the Sentencing Memorandum [Doc. 68] and Exhibit [Doc. 68-5] under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Unredacted Sentencing Memorandum and Exhibit 5 [Doc. 67] is **GRANTED**, and the unredacted version of the Sentencing Memorandum [Doc. 68] and Exhibit [Doc. 68-5] shall remain on the docket under seal.

**IT IS SO ORDERED.**

Signed: January 24, 2022

Martin Reidinger
Chief United States District Judge